UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
AUG 31 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

**COLLEEN COLLINS,**
**Plaintiff,**

**v.**

**SAINT PETER CLAVER CATHOLIC SCHOOL,**
**Defendant.**

**Case No. __________**

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**
**(Race Discrimination, Disability Discrimination, and Retaliation)**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. Plaintiff Colleen Collins brings this civil action against Defendant Saint Peter Claver Catholic School arising from her employment, suspension, termination, and related conduct.

2. Plaintiff alleges that Defendant discriminated against her because of race and disability and retaliated against her for opposing discrimination and advocating for herself and/or others.

3. Plaintiff brings this action after exhausting the applicable administrative process. The City of Saint Paul Department of Human Rights & Equal Economic Opportunity (HREEO) issued a Right to Sue Letter dated July 14, 2026, in Case No. A-5950 / EEOC No. 444-2025-01901. The letter states that the Department affirmed the No Cause determination and that Plaintiff has forty-five (45) days from receipt of the notice to file a civil action in court.

4. Plaintiff also requested EEOC review of the FEPA determination within the time stated in the July 14, 2026 EEOC notice. Plaintiff has not received a response to that request as of the filing of this Complaint. Plaintiff files this action to protect her right to proceed in court and does not intend this filing to waive or abandon her pending request for EEOC review.

## II. JURISDICTION AND VENUE

5. This Court has federal-question jurisdiction because Plaintiff's claims arise under federal employment-discrimination laws.

6. Venue is proper in the District of Minnesota because the employment, alleged discriminatory and retaliatory conduct, suspension, and termination occurred in Minnesota and Defendant operates the school in Saint Paul, Minnesota.

7. Plaintiff is proceeding without counsel (pro se).

SCANNED
SEP 01 2026
U.S. DISTRICT COURT ST. PAUL

## III. PARTIES

8. Plaintiff Colleen Collins is a resident of Minnesota and was employed by Defendant Saint Peter Claver Catholic School.

9. Defendant Saint Peter Claver Catholic School is the employer identified as the respondent in Plaintiff's administrative proceeding. Its address is 1060 West Central Avenue, Saint Paul, Minnesota 55104, unless Defendant's correct legal name or service address is different.

10. Plaintiff will promptly correct the Defendant's legal name or service information if the Court or Defendant identifies a different legal entity responsible for her employment.

## IV. ADMINISTRATIVE EXHAUSTION

11. Plaintiff filed an administrative discrimination charge concerning her employment with Defendant.

12. The administrative matter was identified as HREEO Case No. A-5950 and EEOC No. 444-2025-01901.

13. On July 14, 2026, HREEO issued a Notice of Affirmed No Cause Determination and Right to Sue Letter. The Right to Sue document states that the Director affirmed the No Cause determination and denied Plaintiff's appeal.

14. The Right to Sue Letter states that Plaintiff has forty-five (45) days from receipt of the notice to file the matter in court.

15. The EEOC notice included with the Right to Sue Letter states that Plaintiff had the right to request EEOC review of the FEPA determination in writing within fifteen (15) days. Plaintiff made that request in writing to Adam Carvill of the EEOC. Plaintiff has not received a response as of the filing of this Complaint.

16. Plaintiff attaches the Right to Sue Letter and the administrative documents in her possession. Plaintiff does not claim to possess documents that Defendant refused to provide.

## V. FACTUAL ALLEGATIONS

17. Plaintiff was employed by Saint Peter Claver Catholic School.

18. Plaintiff is an African American woman. Plaintiff alleges that she experienced treatment at work that was different from and less favorable than treatment she should have received because of her race.

19. Plaintiff also has a disability and alleges that Defendant treated her adversely because of her disability. Plaintiff will provide the specific disability-related facts and dates that she can personally testify to and that were included in her administrative charge.

20. Plaintiff opposed discrimination and advocated for herself and/or others. Plaintiff alleges that Defendant retaliated against her after she engaged in protected activity.

21. Defendant suspended Plaintiff. The reason communicated to Plaintiff for the suspension was different from the reasons later relied upon to terminate her.

22. Plaintiff was later terminated based on two statements. Plaintiff alleges that those two statements were not the actual reason for the earlier suspension and that the shifting explanation for the adverse employment actions is significant to whether the stated reasons were genuine or were a pretext for discrimination or retaliation.

23. Plaintiff does not ask the Court to accept a conclusion about Defendant's motive merely because the reasons changed. Plaintiff asks the Court to consider the inconsistency, together with the surrounding facts, witnesses, communications, and other evidence, in determining whether Defendant's stated reasons were legitimate or pretextual.

24. Plaintiff requested copies of meeting minutes concerning meetings in which she participated. Plaintiff has an email showing that she made the request.

25. Defendant refused Plaintiff's request for the meeting minutes. Plaintiff has a written response from Defendant denying the request.

26. Plaintiff therefore does not represent that she possesses the meeting minutes. Plaintiff will provide the request and denial emails that are in her possession and will identify the meeting minutes as documents that Defendant may possess or control.

27. Plaintiff requested that two Black community members be permitted to attend meetings with her for support. Plaintiff alleges that they were not permitted to participate in the meetings and were required to remain in the hallway outside the office.

28. Plaintiff had community members present from the beginning of the events at issue who observed how the school operated. Plaintiff may identify those individuals as witnesses to facts within their personal knowledge.

29. Plaintiff is aware of a former employee who provided a written statement concerning matters she personally witnessed. Plaintiff can identify that witness and provide the statement if it is in Plaintiff's possession.

30. Plaintiff also received information from a parent of former students concerning conditions at the school, including concerns about supervision and support for Black teachers and staff. Plaintiff does not possess or claim to have seen a written statement from that parent.

31. Plaintiff alleges that relevant witnesses and evidence were not fully considered during the administrative investigation. Plaintiff understands that the administrative determination was a No Cause finding, but Plaintiff disputes the completeness and accuracy of the investigation and intends to prove her claims through admissible evidence in this action.

32. Plaintiff requested access to relevant meeting records but was denied a copy. Plaintiff asks that the Court permit discovery of relevant records and testimony through the normal federal litigation process.

33. Plaintiff alleges that the sequence and circumstances surrounding her suspension, protected activity, treatment, and termination support an inference of discrimination and/or retaliation. Plaintiff will prove the facts through documents, testimony, witnesses, and other admissible evidence.

## VI. COUNT I — RACE DISCRIMINATION

34. Plaintiff incorporates paragraphs 1–33.

35. Plaintiff alleges that Defendant subjected her to adverse employment actions and other unequal treatment because of her race.

36. The adverse actions included, among other things, disciplinary treatment, suspension, and termination.

37. Plaintiff alleges that race was a motivating factor in Defendant's treatment of her.

38. Plaintiff seeks all remedies available under applicable federal law.

## VII. COUNT II — DISABILITY DISCRIMINATION

39. Plaintiff incorporates paragraphs 1–38.

40. Plaintiff alleges that she is a qualified employee with a disability protected by federal law.

41. Plaintiff alleges that Defendant subjected her to adverse employment action and/or unequal treatment because of her disability.

42. Plaintiff seeks all remedies available under the Americans with Disabilities Act and other applicable federal law.

## VIII. COUNT III — RETALIATION

43. Plaintiff incorporates paragraphs 1–42.

44. Plaintiff engaged in protected activity by opposing discrimination and advocating for herself and/or others concerning discriminatory treatment.

45. Defendant thereafter took adverse action against Plaintiff, including suspension and termination.

46. Plaintiff alleges that the timing, sequence, shifting explanations, and surrounding circumstances support an inference that retaliation was a motivating factor in Defendant's actions.

47. Plaintiff seeks all remedies available under applicable federal law.

## IX. DAMAGES AND RELIEF

48. As a result of Defendant's conduct, Plaintiff suffered loss of employment, loss of wages and benefits, and other economic and non-economic harm.

49. Plaintiff seeks back pay, front pay or reinstatement as appropriate, compensatory damages where authorized, and any other damages authorized by law.

50. Plaintiff seeks costs and reasonable attorney's fees to the extent authorized by law. Because Plaintiff is proceeding pro se, she is not presently claiming attorney's fees for her own work.

51. Plaintiff requests such other relief as the Court determines is just and proper.

## X. REQUEST FOR JURY TRIAL

52. Plaintiff demands a trial by jury on all issues so triable.

**XI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that the Court:

A. Enter judgment in Plaintiff's favor on the claims proven at trial;

B. Award back pay and lost employment benefits;

C. Award reinstatement or front pay as appropriate;

D. Award compensatory damages and any other damages authorized by law;

E. Award costs and any attorney's fees permitted by law;

F. Order such equitable or other relief as authorized by the applicable statutes; and

G. Grant such other relief as the Court deems just and proper.

**SIGNATURE**

Respectfully submitted,

Ms Colleen Collins

COLLEEN COLLINS

Plaintiff, Pro Se

887 Selby Ave.

Saint Paul, MN 55104

Email: colleencollins220@gmail.com

Date: Aug. 31, 2026